UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENDRA R. MASON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BARRY H. JENKINS, <br><br> Defendant. | Case No.: 2:19-cv-01786-APG-EJY <br><br><br> **ORDER** |

Presently before the Court is Plaintiffs Kendra R. Mason and J. Mason's Application to Proceed *In Forma Pauperis* (ECF No. 1). Attached to Plaintiffs' *In Forma Pauperis* Application is a Complaint for Review of A Social Security Disability or Supplemental Security Income Decision (ECF No. 1-1).

**I.  *IN FORMA PAUPERIS* APPLICATION**

Plaintiffs submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiffs' Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted.

**II.  SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff

should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this case, Plaintiffs Kendra R. Mason and J. Mason's Complaint for Review of A Social Security Disability or Supplemental Security Income Decision (ECF No. 1-1) fails to state a claim upon which relief may be granted. Plaintiffs contend that Administrative Law Judge ("ALJ") Barry H. Jenkins "abused his discretion by refusing to address a central component of [Plaintiffs' Social Security] claim on the ground that [ALJ Jenkins] had no jurisdiction to address it." ECF No. 1-1 at 3. Specifically, Plaintiff Kendra R. Mason maintains that "compulsory gainful activity . . . violates the Establishments Clause and her religious freedoms" because she is "compelled to violate a central tenet of [her Baptist faith] . . . by engaging in gainful activity to acquire . . . currency depict[ing] images specifically prohibited by the 2nd Commandment." *Id*. at 5. Plaintiff Kendra R. Mason claims her anxiety is aggravated by her understanding that: "there exists a substantial similarity between the official government seals on U.S. currency and satanic verses from the Bible"; "the government has deliberately concealed an on-going major natural disaster, to her peril"; and, "there exists a correlation between the dates of significant Biblical end time events and government activities related to said disaster." *Id*.

Here, the Court finds Plaintiffs' allegations are fantastic, delusional, and irrational. *Neitzke*, 490 U.S. at 327–28; *Denton v. Hernandez*, 504 U.S. at 33. Moreover, dismissal is appropriate because ALJ Jenkins is entitled to judicial immunity. *Romano v. Bible*, 169 F.3d 1182, 1186–87 (9th Cir. 1999) (state officials presiding over hearings are entitled to absolute immunity). Based on the allegations, the Court further finds that the nature of the claims are not ones that can be cured by amendment. *Cato*, 70 F.3d at 1106. That is, Plaintiffs' allegations are such that the very heart of what is alleged is based upon nonexistent legal interest and delusional factual scenarios. For this reason, the Court will dismiss Plaintiffs' Complaint, as currently stated, as it is unclear what, if any, relief she seeks that may be potentially granted by the Court. However, to the extent Plaintiff seeks to amend her Complaint to state a claim against the Social Security Administration for denial of benefits, Plaintiff is given leave to do so as stated below.

**III. ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiffs will not be required to pay the filing fee in this action. Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense. However, because the Court also recommends dismissal of Plaintiffs' Complaint (ECF No. 1-1) with prejudice, the Clerk of the Court shall hold Plaintiffs' Application until such time as the due date for Plaintiffs' amendment passes.

IT IS FURTHER ORDERED that Plaintiffs' Complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend. If Plaintiffs choose to file an amended complaint, Plaintiffs must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

If Plaintiffs choose to file an amended complaint, the document must be titled "Amended Complaint." Plaintiffs must sufficiently state a claim against the Social Security Administration for failure to grant disability benefits. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiffs still must give Defendant fair notice of Plaintiffs' claims against it and Plaintiffs' entitlement to relief.

DATED THIS 9th day of December, 2019.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE